IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LATOSHA MARSHALL,                §
                                 §
        Plaintiff,               §
                                 §
V.                               §          No. 3:23-cv-46-L-BN
                                 §
FREEDOM MORTGAGE                 §
CORPORATION,                     §
                                 §
        Defendant.               §

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. Dkt. No. 3.

Defendant Freedom Mortgage Corporation has filed a motion to dismiss all of Plaintiff Latosha Marshall's claims under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 6.

Marshall filed a response, *see* Dkt. No. 12, and Freedom filed a reply, *see* Dkt. No. 14.

The undersigned now enters the following findings of fact, conclusions of law, and recommendation that the Court grant Freedom's motion to dismiss for failure to state a claim.

### Background

This is the second lawsuit the Marshall has filed to prevent foreclosure on her

home located at 3355 Emerson Road in Forney, Texas (the "Property").

The Prior Case

Freedom is Marshall's mortgage holder. Marshall filed a lawsuit in May 2022 concerning the loan servicing and attempted foreclosure of the Property. *See Marshall v. Freedom Mortgage Corp.*, No. 3:22-cv-1084-K-BN (N.D. Tex. ) (*Marshall I*). Her lawsuit also included an intent to seek a temporary restraining order to stop a May 3, 2022, foreclosure sale. *See id*.

The Court dismissed the case with prejudice on November 16, 2022, after giving Marshall the opportunity to file an amended complaint to replead her claim for breach of contract and injunctive relief if she could – which she did not. *See Marshall I*, Dkt. Nos. 17 & 18.

Marshall filed this action in state court on December 29, 2022, seeking injunctive relief to prevent the foreclosure of her home and to bring claims for breach of contract and negligent misrepresentation. She is now alleging that Freedom breached its contract by providing her a defective notice and improper notice of acceleration. *See* Dkt. No. 1-2. Marshall alleges that Freedom provided false misrepresentation as it failed to communicate with her on the options of loss of mitigation, on which she alleges that she detrimentally relied on Freedom for information. *See id*. And she alleges that Freedom avoided its duty by failing to provide her with information on loan modification and alternatives. *See id*.

Freedom timely removed the case to this Court on January 6, 2023.

Freedom then filed its motion to dismiss under Federal Rule of Civil Procedure

12(b)(6). *See* Dkt. No. 7.

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff". *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic

recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id*. But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that the plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief - including factual allegations that, when assumed to be true, raise a right to relief above the speculative level. (cleaned up)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint

-4-

and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and

-5-

appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (cleaned up).

## Analysis

### I.  **Marshall's claims are barred by res judicata.**

Freedom argues that res judicata bars Marshall's breach of contract and negligent misrepresentation claims because these claims are identical to those in the petition that she filed in *Marshall I*. The undersigned agrees.

Res judicata, or claim preclusion, is generally an affirmative defense that should be pleaded in a defendant's answer and "addressed at summary judgment or at trial." *Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 F. App'x 662, 664 n.1 (5th Cir. 2004). But, "there are times when it may be raised on a [pre-answer] motion." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 410 (5th Cir. 2013) (per curiam). For example, "[w]hen all relevant facts are shown by the court's own records, of which the court takes notice, the defense [of res judicata] may be upheld on a Rule 12(b)(6) motion without requiring an answer." *Id.* Because all the relevant facts here are in the pleadings of this case and *Marshall I*, this is one of those times that the court may address res judicata before Freedom has filed an answer to Marshall's petition.

"The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000). Under federal law, res judicata "bars the litigation of claims that either have been litigated or

-6-

should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (cleaned up). And, in the Fifth Circuit, "[t]he test for res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.*

Based on the pleadings in this case and in *Marshall I*, of which the Court can appropriately take judicial notice to the extent required for this analysis, the undersigned concludes that the four elements of the test for res judicata are met.

First, the parties in both actions are identical. Freedom is named as the defendant and Marshall is the named plaintiff in both actions. *See* Dkt. No. 1-2; *see also Mitchell I*, Dkt. No. 1-2

Second, the Court in *Marshall I* was a court of competent jurisdiction, where Freedom removed that prior case to this Court based on diversity jurisdiction under 12 U.S.C. § 1332. *See Marshall I*, Dkt. No. 1.

Third, the court in *Marshall I* entered a final judgment on the merits, dismissing the claims with prejudice. *See Marshall I*, Dkt. No. 18; *accord Federated Ept. Store, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'").

Fourth, the same claims are involved in both suits. To determine whether the same claims are involved, courts in this circuit use a "transactional test." *Test Masters*, 428 F.3d at 571. Under the transactional test, "a prior judgment's preclusive effect

extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Id*. When making this determination, the Court must think "pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id*.

Comparing the pleadings in *Marshall I* with the petition here reveals that the "same nucleus of operative facts" forms the basis of both actions. *Id*. Marshall filed both suits to challenge Freedom's efforts to foreclose and its representations to her regarding loan modification. So, Marshall's "arguments in both suits challenge [Freedom's] authority to foreclose." *Lall v. Bank of New York Mellon as trustee to JPMorgan Chase Bank, N.A.*, 783 F. App'x 375, 378 (5th Cir. 2019). "While this alone would likely be enough," Marshall also raised the "exact same causes of action in both suits." *Houston*, 2016 WL 3182003, at *4.

As Freedom explains, Marshall's petition "in this case is nearly identical to the petition she filed in" *Marshall I*, and "the only difference, other than the title and changing Plaintiff's declaration date to December 29, 2022, is the addition of this language on page two: 'Defendant has requested and Plaintiff has provided documentation regarding a refinance and/or modification of her loan. Plaintiff later became aware that, despite her providing all the documentation requested. Additionally, the lender's agent in charge of this loan modification has been on vacation and could provide the status of the modification. Without hearing from that agent, it is

unfair to determine if the loan can be modified.'" Dkt. No. 7 at 4 (quoting Dkt. No. 1-2 at 4 of 8). As Freedom correctly points out, "[t]he remainder of the new Petition is word for word identical to the petition filed in [*Marshall I*] in May 2022," including "the reference to the foreclosure sale date of May 3, 2022." *Id.*

The transactional test is met here.

And, while Marshall argues in her response to the motion to dismiss "that her claims are not barred because 'there is a new sale date and new notices,'" she does not address "the fact that her new lawsuit references only a sale date of May 3, 2022," and she does not plead a new sale date." Dkt. No. 14 at 1-2 (quoting Dkt. No. 12 at 2). Freedom's motion to dismiss is properly addresses to the facts pleaded "and, because Plaintiff complains only of the same May 3, 2022 sale date as her prior lawsuit and brings the exact same claims, the new lawsuit should be dismissed in its entirety under the doctrine of res judicata." *Id.* at 2.

"'A plaintiff may not amend [their] complaint in [their] response to a motion to dismiss.'" *Mun. Employees' Ret. Sys. of Michigan v. Pier 1 Imports, Inc.*, 935 F.3d 424, 436 (5th Cir. 2019) (quoting *Lohr v. Gilman*, 248 F. Supp. 3d 796 (N.D. Tex. 2017)). A court must limit itself to considering the pleadings, not matters or theories raised in response to the motion to dismiss. *See Lohr*, 248 F. Supp. 3d at 810.

The Court should dismiss the breach of contract and negligent misrepresentation claims and injunctive relief request with prejudice, as barred by res judicata.

## II.    Marshall fails to plead a plausible claim in her petition.

Even if Marshall's claims are not barred by res judicata, Freedom argues that

Marshall fails to allege any facts to demonstrate a claim for breach of contract or negligent misrepresentation. The undersigned agrees – for the reasons previously explained in *Marshall I* concerning all the same allegations with the addition only of the paragraph quoted above. *See Marshall I*, Dkt. No. 16, 2022 WL 14954831 (N.D. Tex. Oct. 3, 2022), *rep. & rec. accepted*, 2022 WL 15089737 (N.D. Tex. Oct. 25, 2022).

Marshall's original petition in this new case contains only conclusory allegations that Freedom breached their contract and made negligent misrepresentations supported only by recitations of elements of those causes of action. *See Iqbal*, 556 U.S. at 678. Marshall claims that she received defective notice of default and an improper notice of acceleration from Freedom without any further facts to explain. She alleges that Freedom misrepresented her options for loss mitigation without explaining what those misrepresentations were. She asserts that she relied to her detriment on those representations without giving facts showing that detrimental reliance. In the only new language added in this petition from her First Amended Original Petition in *Marshall I* – which the Court dismissed with prejudice – Marshall alleges that:

> Defendant has requested and Plaintiff has provided documentation regarding a refinance and/or modification of her loan. Plaintiff later became aware that, despite her providing all the documentation requested. Additionally, the lender's agent in charge of this loan modification has been on vacation and could provide the status of the modification. Without hearing from that agent, it is unfair to determine if the loan can be modified.

Dkt. No. 1-2 at 4 of 8. Without facts to support any of these conclusory statements, Marshall has failed to plead a plausible claim. *See Twombly*, 550 U.S. at 570.

In her response to Freedom's motion to dismiss – which, with the exception of

some discussion of res judicata, is identical to her response to the motion to dismiss in *Marshall I*, *compare* Dkt. No. 12, *with Marshall I*, Dkt. No. 13 – Marshall claims that she was "forced to file this application for TRO at the last possible moment and all the facts and documents were unavailable to her prior to the foreclosure date". *See* Dkt. No. 12 at 2. But, for a complaint to meet the pleading standards, it must state facts beyond conclusory allegations. *See Smith*, 615 F. App'x at 833.

The complaint must give facts to indicate how the notice of default was defective and why the notice of acceleration was improper, rather than just stating these conclusions. The undersigned cannot find that Freedom made misrepresentations without facts to discern what was misrepresented. But, even taking on anew each of Marshall's allegations as best the undersigned can understand them, Marshall's petition in this case does not meet Rule 8(a)'s plausibility standard for the reasons below.

### A.   Marshall fails to adequately plead breach of contract.

Marshall's breach of contract claim should be dismissed.

Under Texas law, to succeed on a breach of contract claim, the plaintiff must show (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *See Smith Intern., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

Marshall alleges in her petition that Freedom failed to fulfill their requirements under the terms of the loan documents – the undersigned assumes this to be the deed of

trust – themselves; Texas Property Code § 51.002; Housing and Urban Development regulations, 24 C.F.R. §§ 203.501, 203.604(b), and 203.605 (which Marshall apparently refers to as simply 605); and the Texas common law. The undersigned will take each of these in turn.

### 1.  The Deed of Trust

Marshall has failed to provide an essential piece of support for her claim: the deed of trust. A claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached. *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014). Without identifying the provision or provisions, the Court cannot determine whether Marshall has pleaded factual content that allows the Court to draw the reasonable inference that a defendant is liable for the breach of those provisions or, more specifically here, that the notice that Marshall received was defective and that Freedom failed to fulfill their post-default obligations under the deed of trust. Marshall does not identify the provisions of the deed of trust that have been breached but instead claims that she received defective notice of default and improper notice of acceleration.

These conclusory statements are not sufficient to plead breach of contract on the basis of the deed of trust – even with the new paragraph of allegations – and that component of the claim should be dismissed without prejudice.

### 2.  Texas Property Code

Marshall claims that she did not receive notice of default and opportunity to cure as required under Texas Property Code § 51.002. *See* Dkt. No. 1 at Ex. B.

Section 51.002(d) requires that the mortgagee give written notice of default and at least 20 days to cure, but it does not provide a private cause of action to mortgagors. *See Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 830 n.2 (5th Cir. 2015) ("Although the Texas Supreme Court has not decided this issue, the federal district courts that have addressed it seem to conclude that Section 51.002(d) does not intend an independent private cause of action."); *see also Robinson v. Wells Fargo Bank N.A.*, No. 3:20-cv-601-B, 2021 WL 2291015 at *3 (N.D. Tex. June 4, 2021) (citing several cases that find that "[Section] 51.002 does not provide a private right of action").

Courts have instead "construed claims for violation of [S]ection 51.002 as claims for wrongful foreclosure." *Carey v. Wells Fargo Bank, N.A.*, No. CV H-15-1666, 2016 WL 4246997 at *3 (S.D. Tex. Aug. 11, 2016). Under Texas law, to succeed on a wrongful foreclosure claim, the plaintiff must show "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the two." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013). Implicit in this standard is a requirement that a foreclosure sale actually take place. *See James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 447 (5th Cir. 2013) ("[C]ourts in Texas do not recognize an action for attempted wrongful foreclosure") (quoting *Motten v. Chase Home Fin.*, 831 F.Supp.2d 988, 1007-08 (S.D. Tex. 2011)).

Marshall obtained a temporary restraining order from state court to prevent the foreclosure sale of her home. *See* Dkt. No. 1-2 at 8 of 8. She has not alleged that her house has been sold at a foreclosure sale. Therefore, she cannot succeed on a claim for wrongful foreclosure, and this component of her claim for breach of contract should be

-13-

dismissed without prejudice.

### 3.  HUD Regulations

Marshall claims that Freedom failed to inform her of any assistance options before accelerating the loan. She cites to 24 C.F.R. §§ 203.501 (requiring that the mortgagee mitigate losses to HUD and providing options to consider), 203.604(b) (requiring a face-to-face meeting between mortgagee and mortgagor before three monthly installments due on the mortgage are unpaid), and 203.605 (explaining the loss mitigation performance tier ranking system). *See* Dkt. No. 1-2.

Freedom has argued that the HUD regulations cannot be the basis of the breach of contract claim because Marshall does not show how the regulations are expressly incorporated into the agreement. The undersigned agrees.

The Fifth Circuit has held that "HUD regulations do not give the borrower a private cause of action unless … expressly incorporated into the lender-borrower agreement." *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 196 (5th Cir. 2016). And Marshall gives no facts to support her allegation that "the loan documents provide that the acceleration and foreclosure are subject to the limitations of HUD regulations." Dkt. No. 1, Ex. B.

Even if Marshall had shown how the regulations were expressly incorporated into the agreement, the regulations to which she cites do not specifically require that the mortgagee inform the mortgagor of available assistance options. This is only required by subpart (e) of 24 C.F.R. § 203.604 if the mortgage is insured under Section 248 of the National Housing Act, which Marshall does not allege.

-14-

Without these required facts, Marshall cannot show that the mortgage is subject to HUD regulations and those regulations cannot form a basis for a breach of contract claim. Therefore, this component of her claim for breach of contract should be dismissed without prejudice.

### 4. Texas Common Law

Marshall claims for the first time in her response that her breach of contract claim is based on a Texas common law requirement of several pre-foreclosure notices. *See* Dkt. No. 12 at 1-3.

Again, Marshall "may not amend [her] complaint in [her] response to a motion to dismiss." *Mun. Employees' Ret. Sys.*, 935 F.3d at 436 (cleaned up).

Because the common law argument is not in the pleadings, the Court should not consider it.

### B. Marshall fails to adequately plead negligent misrepresentation.

Marshall's negligent misrepresentation claim should be dismissed.

Under Texas law, to succeed on a negligent misrepresentation claim, the plaintiff must show that "(1) the representation [was] made by a defendant in the course of his business, or in a transaction in which he [had] a pecuniary interest; (2) the defendant supplie[d] "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffer[ed] pecuniary loss by justifiably relying on the representation." *Clardy Mfg. Co. v. Marine Midland Bus. Loans Inc.*, 88 F.3d 347, 357 (5th Cir. 1996) (cleaned up). The false information must be

a statement of existing fact; a promise of future action or inaction cannot provide the basis for a negligent misrepresentation claim. *See De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 F. App'x 200, 205 (5th Cir. 2012).

Under Texas law, the economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid–Continent Cas. Co.,* 242 S.W.3d 1, 12 (Tex. 2007). And so tort damages are generally not recoverable if the defendant's conduct "would give rise to liability only because it breaches the parties' agreement." *Sw. Bell Tel. Co. v. DeLanney,* 809 S.W.2d 493, 494 (Tex. 1991). But tort damages are recoverable if the defendant's conduct "would give rise to liability independent of the fact that a contract exists between the parties." *Id.* In *Jim Walter Homes, Inc. v. Reed*, a negligent supervision case, the Texas Supreme Court explained: "The nature of the injury most often determines which duty or duties are breached. When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone." 711 S.W.2d 617, 618 (Tex. 1986); *see also DeLanney,* 809 S.W.2d at 494 ("When the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract.").

"The economic loss rule is not an affirmative defense, but rather a 'court-adopted rule for interpreting whether a party is barred from seeking damages in an action alleging tort injuries resulting from a contract between the parties.'" *Golden Spread Coop., Inc. v. Emerson Process Mgmt. Power & Water Sols., Inc.*, 360 F. Supp. 3d 494, 517 n.21 (N.D. Tex. 2019) (quoting *Tarrant County Hosp. Dist. v. GE Automation Svcs.*

*Inc.*, 156 S.W.3d 885, 895 (Tex. App. – Fort Worth 2005, no pet.)) (cleaned up). Whether to apply it "is a question of law for the court to decide." *Id.* at 517.

"In determining whether a tort claim is merely a repackaged breach of contract claim, a court must consider: 1) whether the claim is for breach of duty created by contract, as opposed to a duty imposed by law; and 2) whether the injury is only the economic loss to the subject of the contract itself." *Stanley Indus. of S. Fla. v. J.C. Penney Co.,* No. 3:05-cv-2499-L, 2006 WL 2432309, at *5 (N.D. Tex. Aug. 18, 2006) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.,* 960 S.W.2d 41, 45-47 (Tex. 1998)); *DeLanney,* 809 S.W.2d at 494-95. The burden is on the plaintiff to establish evidence of an independent injury. *See A-1 Am. Fence, Inc. v. Wells Fargo Bank, N.A.*, No. 1:20-CV-441, 2021 WL 7184973 at *5 (E.D. Tex. May 5, 2021).

Here, Freedom argues that the negligent misrepresentation claim is barred both because of the economic loss rule and because their alleged misrepresenting of loss mitigation options was one of future fact. *See* Dkt. No. 7 at 3. Marshall responds (as she did in *Marshall I*) by incorrectly stating that the economic loss rule is an affirmative defense and attempting to shift the burden to Freedom. *See* Dkt. No. 12 at 4. The undersigned agrees with Freedom as to the economic loss rule.

Marshall alleges that she suffered damages for "clouding the title," harm to her credit reputation and creditworthiness, additional charges to her mortgage and escrow accounts, and a loss of time in "remedying the problem." Dkt. No. 1, Ex. B. Any injury relating to clouding title, charges related to her mortgage and escrow accounts, and loss of time caused by Marshall's attempts to remedy problems with her mortgage all stem

from the subject matter of the deed of trust and therefore is not independent of the economic injury.

As for harm to creditworthiness, several courts have found that harm to creditworthiness also flows from the subject matter of the deed of trust and is therefore not independent of the economic injury. *See, e.g.*, *Curtis v. Cerner Corp.*, 621 B.R. 141, 175 (S.D. Tex. 2020) ("the Court is unpersuaded that damaged credit is necessarily an injury separate from contract"); *Sanghera v. Wells Fargo Bank, N.A.*, No. 3:10-cv-2414-B, 2012 WL 555155 at *6 (N.D. Tex. Feb. 21, 2012) (finding that the economic loss rule applied because a loss of creditworthiness constituted economic damages arising directly from the alleged breach of a deed of trust); *c.f. Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 177-78 (5th Cir. 2016) (concluding that damages stemming from the consequences of falling behind on payments arise solely from the contractual relationship between a franchiser and franchisee). The undersigned agrees that harm to creditworthiness should not constitute an independent injury.

Because Marshall cannot allege an independent injury, the economic loss rule applies, and Marshall's negligent misrepresentation claim is barred as a matter of law.

Finally, because Marshall does not make clear what misrepresentations were made, the undersigned cannot determine whether the statements were of future fact. Regardless, Marshall claim is barred by the economic loss rule and should be dismissed with prejudice because leave to amend would be futile.

## C. Marshall's request for injunctive relief should be dismissed.

Marshall's request for an injunctive relief beyond the temporary restraining order

that she was granted in state court should be dismissed. Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action. *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-cv-592-D, 2010 WL 2772445 at *4 (N.D. Tex. July 12, 2010). Because the undersigned concludes that none of Marshall's claims can withstand dismissal, Marshall's request for injunctive relief cannot survive and should be dismissed without prejudice.

## Recommendation

The Court should grant Defendant Freedom Mortgage Corporation's Motion to Dismiss Pursuant to Federal Rule of Procedure 12(b)(6) [Dkt. No. 6] and dismiss Plaintiff Latosha Marshall's breach of contract and negligent misrepresentation claims and request for injunctive relief with prejudice.

A copy of these findings, conclusions, and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. ' 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court,

except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d

1415, 1417 (5th Cir. 1996).

    DATED: July 21, 2023

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE