IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **LATOSHA MARSHALL,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:23-CV-0046-L-BN** |
| § | |
| **FREEDOM MORTGAGE** § | |
| **CORPORATION**, § | |
| § | |
| Defendant. § | |

# ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 18) was entered on July 13, 2023, recommending that the court grant Defendant Freedom Mortgage Corporation's ("Defendant") Motion to Dismiss ("Motion") (Doc. 6). Plaintiff Latosha Marshall ("Ms. Marshall" or "Plaintiff"), who is represented by counsel, filed a response to the Motion and Defendant filed a reply brief. In her original Petition, first filed in state court before Defendant timely removed to federal court, Plaintiff seeks court intervention to prevent foreclosure on her home located at 3355 Emerson Road in Forney, Texas. The Report recommends dismissal of Plaintiff's breach of contract and negligent misrepresentation claims on res judicata grounds, as those are identical to claims that she filed in state court in 2022, which Defendant later removed to federal court. (*Marshall v. Freedom Mortgage Corp.*, No. 3:22-cv-1085-K-BN). Doc. 18 at 6. The Report notes that even Plaintiff's Response brief is nearly identical to that in the first lawsuit. *Id*. at 11. The court dismissed her claims with prejudice. *Id*.

Further, the Report recommends dismissal under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff's pleadings fail to allege any facts that demonstrate a claim for breach of contract or negligent misrepresentation. *Id*. at 9-10. Finally, the Report recommends that the court dismiss

**Order – Page 1**

Plaintiff's request for injunctive relief as none of her claims withstand dismissal, and therefore cannot meet the standard for injunctive relief. *Id*. at 18-19.

Plaintiff did not file any objections to the Report, and the time to do so has passed. Plaintiff also failed to comply with the court's order of March 23, 2023, requiring the her to file a certificate of interested parties, in compliance with the Local Rules. *See* Doc. 17.

Having considered the Complaint, Report, file, and record, the court determines that the magistrate judge's finding and conclusions in the Report are correct, and **accepts** them as those of the court. Plaintiff's claims are barred by res judicata, and further, she fails to allege sufficient facts to state a claim for breach of contract and negligent misrepresentation, and then failed to object or otherwise respond to the Report recommending his case be dismissed. Accordingly, the court **dismisses with prejudice** Plaintiff's claims and this action against Freedom Mortgage Corporation.

Plaintiff has not requested that the court grant leave to file an amended complaint, but, nevertheless, the court addresses the issue now. The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

**Order – Page 2**

Plaintiff has had the opportunity to bring her factual allegations against Defendant twice—first in her original lawsuit and now in the instant action. She then had opportunity to object to the Report's findings by alleging new facts but failed to do so. As her factual allegations fail to state a claim in both lawsuits, the court finds that Plaintiff has stated her best case. Further opportunities to amend her claims based on the same foreclosure action would be an inefficient use of the parties' and the court's resources and cause unnecessary and undue delay. For these reasons, the court will not allow Plaintiff a further opportunity to amend her pleadings.

**It is so ordered** this 7th day of August, 2023.

Sam A. Lindsay
United States District Judge